Filed 1/24/23  P. v. Cole CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093908 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F06209) |
| v. | |
| THEODORE COLE, | |
| Defendant and Appellant. | |

Defendant Theodore Cole appeals from the trial court's February 10, 2021 order denying his petition for resentencing brought pursuant to Penal Code section 1172.6 (formerly § 1170.95).[1]  The court found defendant ineligible for relief as a matter of law by virtue of the jury's special circumstance finding and determined preclusive use of this

---

[1]    Further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, long after defendant filed his petition, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section where possible by its new numbering.

1

finding (which predated the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522) was permissible under published authority.

On appeal, the parties agree, as do we, that the trial court's order cannot stand under the California Supreme Court's recent decision in *People v. Strong* (2022) 13 Cal.5th 698. We accordingly reverse and remand for further proceedings consistent with this opinion.

## BACKGROUND

*Defendant's Convictions*

On October 24, 2002, a jury found defendant guilty of first degree felony murder (§§ 187/189; count one) with an attempted robbery special circumstance (§ 190.2, subd. (a)(17)) and attempted robbery (§§ 664/211; count two). We upheld these convictions in an unpublished decision issued in 2004. (*People v. Cole* (Mar. 26, 2004; C042903) [nonpub. opn.].) The California Supreme Court denied defendant's petition for review. (*People v. Cole, supra*, C042903, review den. June 9, 2004, S124337.)

*Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding former section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely

2

on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also added former section 1170.95, now section 1172.6, which allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962.) First, the trial court determines whether the petition is facially sufficient under section 1172.6, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute. (*Lewis*, at p. 966.) Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing they are entitled to relief. (*Ibid*.)

As our Supreme Court explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations

3

were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

As relevant here, Senate Bill No. 775 (2021-2022 Reg. Sess.), which took effect on January 1, 2022, amended section 1172.6 to codify the holdings of *Lewis* regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case and to clarify the burden of proof at the resentencing hearing as proof beyond a reasonable doubt. (Cal. Const., art. IV, § 8; Stats. 2021, ch. 551, § 1.)

*Defendant's Petition for Resentencing*

On July 24, 2020, defendant's attorney filed a petition for resentencing under former section 1170.95, which acknowledged the jury's special circumstance finding. (§ 190.2, subd. (a)(17).) Nonetheless, defendant declared he was not a major participant and did not act with reckless indifference to human life, and his attorney argued the jury's enhancement finding that predated the holdings of *Banks* and *Clark* should not be given preclusive effect.

On February 10, 2021, the trial court issued an order denying defendant's petition for resentencing. The court reasoned that the jury instructions and jury findings from defendant's original trial established his ineligibility for relief as a matter of law. This was true even though this finding predated the California Supreme Court's decisions in *People v. Banks, supra*, 61 Cal.4th 788 and *People v. Clark, supra*, 63 Cal.4th 522.

Defendant timely appealed. After multiple delays for counsel to submit their briefing, the case was fully briefed on November 18, 2022, and assigned to this panel shortly thereafter.

4

## DISCUSSION

During the pendency of this appeal, our Supreme Court decided *People v. Strong, supra*, 13 Cal.5th 698, which held that: "Findings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710.) Here, the trial court concluded that the jury's pre-*Banks* and *Clark* findings precluded defendant from making a prima facie case as a matter of law. Because these conclusions do not survive *Strong*, we will reverse the trial court's order and remand for further proceedings consistent with this opinion.[2]

## DISPOSITION

The trial court's order is reversed, and the matter is remanded for further proceedings consistent with this opinion.

/s/
EARL, J.

We concur:


/s/
RENNER, Acting P. J.


/s/
KRAUSE, J.

---

[2] We decline defendant's invitation to determine whether substantial evidence supports the jury's determination that he acted with reckless indifference to human life. Such inquiry would be contrary to the guidance of *Strong*, which rejected that a trial court's substantial evidence review of a pre-*Banks*/*Clark* finding would eliminate the need for remand for issuance of an order to show cause. (*People v. Strong, supra*, 13 Cal.5th at p. 720.)